**Kewal SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft, Attorney General, Respondents.**

No. 02–70627.
INS No. A76–728–535.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2003.*

Decided June 16, 2003.

Before GRABER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

Kewal Singh, a native and citizen of India, petitions for review of the final order of removal by the Board of Immigration Appeals denying his application for asylum and request for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and we deny the petition.

Substantial evidence supports the Immigration Judge's decision that Singh failed to establish past persecution or a well-founded fear of future persecution on a statutorily enumerated ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The IJ provided several reasons which went to the heart of Singh's claim that he was persecuted on a statutorily protected ground to support an adverse credibility finding. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002). First, while Singh claimed his status as a Sikh subjected him to persecution, he admitted that, even while living in India, he did not always practice the fundamental tenets of the Sikh religion. Additionally, Singh testified that he faced persecution because of his political activism in the Sikh separatist party, but he knew little of India's political landscape or the events that shaped Sikh politics. Moreover, his testimony describing restricted Sikh participation in the political process was factually false, as party mem-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

bers held substantial numbers of seats in both regional and national legislatures.

We have reviewed the evidence submitted with the asylum application and it does not compel us to overturn the credibility determination. *See Elias–Zacarias,* 502 U.S. at 483–84, 112 S.Ct. 812. Because Singh failed to establish his eligibility for asylum, he necessarily fails to meet the higher burden required to demonstrate eligibility for withholding of removal. *Fisher v. INS,* 79 F.3d 955, 965 (9th Cir.1996) (en banc).

**PETITION DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.