**Silva ZATIKIAN, Petitioner,**

v.

**John ASHCROFT; Attorney General, Respondent.**

No. 02–73611.

Agency No. A70–213–117.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2003.*

Decided Dec. 23, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.  R.App. P. 34(a)(2).

Asbet A. Issakhanian, Silva Zatikian, pro se, Glendale, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Terri J. Scadron, William C. Minick, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, COWEN,** and W. FLETCHER, Circuit Judges.

MEMORANDUM***

Silva Zatikian petitions for review from a final order of removal issued by the Board of Immigration Appeals ("BIA"). The BIA affirmed, without opinion, the decision of the immigration judge ("IJ") denying Zatikian's application for asylum,

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

withholding of removal, and protection under Article 3 of the Convention Against Torture ("CAT").

We have jurisdiction to review final orders of removal only if the alien has exhausted her administrative remedies. 8 U.S.C. § 1252(d)(1). To be eligible for relief under the CAT, an alien must show that it is more likely than not that she would be tortured if returned to her home country. 8 C.F.R. § 208.16(c); *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003). As defined in the regulations, "torture" must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

█ In his decision, the IJ found that Zatikian's testimony was not credible, and further found that she had failed to demonstrate "that she would be in danger of being tortured in Armenia (indiscernible) for any reason." Zatikian testified that she had been raped and that she and her family had been harassed by members of a political opposition party, not by the government. She also testified that the government had prosecuted and convicted the rapist, and that the political party responsible for the harassment was not obedient to the government. She never alleged that she and her family were being harassed by or with the consent or acquiescence of someone acting in an official capacity. Even if everything Zatikian testified to was true, she failed to make out a claim under the CAT. Although Zatikian argued before the BIA that the IJ had erred in his credibility determination, she never made a specific argument regarding

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

her claim under the CAT. As such, she has failed to exhaust her administrative remedies with respect to that claim.

The credibility findings of an IJ are entitled to deference, and will only be overturned if a "reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1141 (9th Cir.1988). Zatikian has failed to make such a showing. Although Zatikian is correct that some of the inconsistencies relied on by the IJ would not be sufficient to support an adverse credibility determination under *Singh v. Ashcroft,* 301 F.3d 1109, 1112 (9th Cir.2002), other inconsistencies are sufficient. In her initial asylum application, Zatikian stated that she had been harassed by the Azerbaijani due to her ethnic origin; she later testified that she was seeking asylum because of harassment by a political opposition party, and that the harassment stemmed from her brother's refusal to fight for that party. She admitted that she had lied on her asylum application, and explained that she was ashamed at having been raped. As the IJ acknowledged, shame may have prevented Zatikian from disclosing some of the details of her claim, but would not have forced her to make up an entirely false claim. A reasonable fact finder would not be compelled to find Zatikian's testimony credible, and the IJ's determination is entitled to deference.

**PETITION DENIED.**