**Major SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71237.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Richard M. Evans, Esq., Paul Fiorino, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Major Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals, summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we grant the petition for review, and remand.

Substantial evidence does not support the IJ's adverse credibility finding, based on Singh's failure to state in his declaration that he was beaten during his first arrest. *See Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir.2002) (holding that an omission of an injury while describing other injuries is not a proper basis for an adverse credibility finding). Substantial evidence also does not support the IJ's finding that Singh continually failed to provide persuasive explanations to questions at his hearing. *See Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998) (rejecting adverse credibility finding where the IJ did not credit petitioner's explanation).

Finally, the IJ's focus on minor inconsistencies in Singh's testimony about his wife's problems with the police after his departure from India does not go to the heart of the claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1042–43 (9th Cir.2001).

Accordingly, we remand for further proceedings, to determine whether, accepting Singh's testimony as credible, he is eligible for asylum, withholding of removal, and relief under the Convention Against Torture. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

