**Sarbjit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71292.

Agency No. A75–262–424.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Sept. 23, 2004.

Anthony Nwosu, Law Offices of Anthony Nwosu, Emeryville, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, KOZINSKI and HAWKINS, Circuit Judges.

MEMORANDUM**

Substantial evidence supported the immigration judge's finding, adopted and affirmed by the BIA, that Singh was not credible. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003). The immigration judge pointed to specific inconsistencies going to the heart of Singh's claim. *See Singh v. Ashcroft*, 301 F.3d 1109, 1111–12 (9th Cir.2002).

**DENIED.**

PREGERSON, Circuit Judge, dissenting.

We review the decision of the Board of Immigration Appeals ("BIA"); we do not review the decision of the immigration judge. *See Cordon–Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir.2000). The BIA's opinion contains no express adverse credibility determination. If the BIA fails to make an explicit adverse credibility finding, we take as true the petitioner's factual contentions. *Kataria v. I.N.S.*, 232 F.3d 1107, 1114 (9th Cir.2000). Absent an express adverse credibility determination, the BIA cannot require a petitioner to submit corroborating evidence, as it did here. *Ladha v. I.N.S.*, 215 F.3d 889, 899–901 (9th Cir.2000).

I would find that the BIA committed a clear error of law by requiring corroborating evidence. I would find that the petitioner's testimony, taken as true, establishes past persecution and that it is more likely than not that the petitioner will be tortured if returned to India. Because the

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

government has not argued that country conditions have changed, I would find that the petitioner is eligible for asylum, entitled to withholding of removal, and entitled to relief under the Convention Against Torture.

I respectfully dissent.