Carlos Roberto Martinez BUEZO; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74432.
Agency Nos. A76–370–599, A76–370–600, A75–370–601, A76–370–602.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

John Ayala, Cobos and Ayala, Los Angeles, CA, Alma Cobos–Ayala, Law Offices of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Cobos & Ayala, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, Michael J. Dougherty, Office of Immigration Litigation, Civil Division, Washington, DC, for Respondent.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM**

Carlos Roberto Martinez Buezo, and his wife and children, all natives and citizens of Guatemala, petition for review of the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal from the Immigration Judge's ("IJ") order denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding, *Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997), and review de novo a due process violation, *Castillo–Perez v. INS*, 212 F.3d 518, 523 (9th Cir.2000). We deny the petition for review.

■ The BIA based its adverse credibility finding on significant omissions in Martinez Buezo's asylum application regarding the past harm he allegedly suffered in Guatemala. The record does not compel the conclusion that Martinez Buezo's testimony was credible. *See Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002). Ac-

cordingly, Martinez Buezo failed to establish eligibility for asylum or withholding of removal. *See id.*

■ The BIA did not err by rejecting Martinez Buezo's argument that his due process rights were violated by the IJ's refusal to accept supplemental documentation because Martinez Buezo failed to submit the documents in a timely manner. *See* 8 C.F.R. § 3.31(c); *Castillo–Perez v. INS*, 212 F.3d 518, 522 (9th Cir.2000) (failure to file a document within the time set by an Immigration Judge generally waives the opportunity to do so). Moreover, even if the IJ erred, petitioners can not show resulting prejudice in light of the changed country conditions in Guatemala. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–1000 (9th Cir.2003).

Martinez Buezo's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.