Qian Bao CAI, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71259.

Agency No. A76–279–195.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 30, 2004.

Jishengli Li, Honolulu, HI, for Petitioner.

District Counsel, Office of the District Counsel, Honolulu, HI, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Regional Counsel, Federal Bureau of Prisons, Dublin, CA, Carl H. McIntyre, Jr., Carolyn Piccotti, U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM**

Qian Bao Cai, a native and citizen of China, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

The IJ made an adverse credibility finding against Cai, which we review for substantial evidence. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). While "we accord substantial deference to an IJ's credibility finding[,] ... [w]hen the IJ provides specific reasons for the questioning of a witness's credibility, this court may evaluate those reasons to determine whether they are valid grounds upon which to base a finding that the applicant is not credible." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003) (quotation marks and citation omitted).

The IJ referred to conflicting evidence concerning the birthplace of Cai's second son, as well as to differing accounts of Cai's whereabouts when his wife's forced abortion allegedly occurred. These inconsistencies do not go to the heart of Cai's asylum claim—that his wife was forced to undergo an abortion and subsequent sterilization—and thus do not support the adverse credibility determination. *See Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir. 2002). Moreover, the IJ's reliance on a State Department report concerning "clinic checks of women [of] young marital age" does not constitute "the individualized analysis of an applicant's credibility that our case law mandates." *Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir.2000).

As a result, the IJ's finding that Cai "has not testified credibly and therefore ... [the alleged persecution] did not happen" is not supported by substantial evidence. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 688 (9th Cir.2003). We remand this case for further proceedings to determine, after reconsideration of all the testimonial and documentary evidence in the record, whether Cai is eligible for asylum and withholding of removal.

**PETITION FOR REVIEW GRANTED; REMANDED.**