**Davinder Singh BANSEL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70338.**
**Agency No. A73–402–291.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 2004.

Decided Aug. 19, 2004.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Ann Carroll Varnon, Esq., Margaret Taylor, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Davinder Singh Bansel ("Singh") appeals a December 23, 2002 Board disposition summarily affirming an April 2, 2001 IJ judgment denying Singh asylum, withholding of removal, and relief under the Convention Against Torture. We deny the petition.

of this circuit except as provided by Ninth Circuit Rule 36–3.

The IJ's adverse credibility determination was supported by substantial evidence. Having previously filed a fraudulent asylum application, Singh had a significant burden to overcome. Furthermore, the IJ identified several inconsistencies going to the core of Singh's claims that were sufficient to justify the adverse credibility determination. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002).

Similarly, the IJ's adverse credibility finding served as a proper basis for rejecting certain documentary evidence. The IJ provided "specific, cogent, reason[s] for rejecting it, and th[ose] reason[s] ... bear a legitimate nexus to that rejection." *Zahedi v. I.N.S.,* 222 F.3d 1157, 1165 (9th Cir.2000).

THE PETITION IS DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). We grant the government's motion to accept its late-filed response brief.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.