Vagharshak **JANAZYAN;** Anahit Janazyan; Yervand Janazyan; Martin Janazyan, Petitioners,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 03–70210.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Nov. 15, 2004.

Paula N. Harris, Esq., Harris & Harris, LLP, Alan Harris, Esq., Geffner & Bush, Burbank, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guyton, Attorney, DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: GOODWIN, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM \*\*

The Janazyans are natives and citizens of Armenia who came to the United States in 1996 and 1997 and overstayed their visas. When the Immigration and Naturalization Service (INS) initiated removal proceedings against them, they conceded removability and applied for asylum, withholding of removal and relief under the Convention Against Torture. All of the family members base their claims on the political activities of the lead petitioner, Vagharshak Janazyan. An Immigration Judge (IJ) found Janazyan not credible and denied the family's petitions. The Board of Immigration Appeals (BIA) summarily affirmed. We reverse and remand.

The IJ's adverse credibility finding is not supported by substantial evidence. Janazyan's testimony expanded upon rather than contradicted his written application. *See Singh v. Ashcroft,* 301 F.3d 1109, 1112 (9th Cir.2002). Minor discrepancies cited by the IJ, regarding whether Janazyan called an ambulance to help injured employees and the date on which his employer terminated him in 1989, do not go to the heart of his claims. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Finally, confusion over the name of Janazyan's political party and the circumstances surrounding his complaint about the employee beatings resulted from faulty translation rather than fraudulent testimony. *See He v. Ashcroft,* 328 F.3d 593, 598 (9th Cir.2003).

The government contends that the IJ issued an alternative finding that the petitions should be denied even if Janazyan testified credibly. The IJ's order does not support this assertion. We grant the petition and remand so that the agency can determine the Janazyans' eligibility for asylum, withholding of removal and relief under the Convention Against Torture in the absence of the adverse credibility finding. *See INS v. Orlando Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Janazyan also argues that the translation services provided at his hearing were so inadequate as to violate his due process rights. Although Janazyan argued that faulty translation caused the IJ to err in finding him not credible, he did not challenge the translation services as an unconstitutional denial of due process before the BIA and therefore waived this claim. *See Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994). Janazyan's due process claim is denied.

Petitioner Vagharshak Janazyan's motion for remand to the BIA for consideration of his change in immigration status is DENIED as moot. The BIA should consider this claim on remand.

**PETITION GRANTED. REVERSED AND REMANDED.**

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.