**Bilen ALEMAYEHU, Petitioner,**

v.

**John ASHCROFT, Attorney**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

General, Respondent.*

No. 03–70257.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Dec. 7, 2004.

Lucy Avedissian, Law Offices of Lucy Avedissian, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM **

Petitioner Bilen Alemayehu, a young Ethiopian woman, appeals a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of petitioner's requests for asylum and withholding of removal, and the BIA's denial of a petition to reopen to allow petitioner to pursue a claim pursuant to the Convention Against Torture ("CAT"). We have jurisdiction under the former § 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a, as amended by § 309(c)(4) of the Illegal Immigration Re-

---

* The original named respondent, the Immigration and Naturalization Service, has ceased to exist; we substitute the Attorney General as the correct respondent.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

form and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996). Where, as here, the BIA affirms an IJ's decision without opinion, we review the IJ's decision, which constitutes the final agency determination. *He v. Ashcroft,* 328 F.3d 593, 595–96 (9th Cir. 2003).

■ The IJ's adverse credibility determination was not supported by substantial evidence in the record. The IJ noted that petitioner's testimony was internally consistent, and based her adverse credibility determination on alleged inconsistencies between several of petitioner's written submissions. These purported inconsistencies are insufficient to support an adverse credibility finding: the few actual inconsistencies the IJ identified were minor, and did not go to the "heart of [petitioner's] asylum claim." *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (internal quotations omitted). "Minor inconsistencies that reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." *Singh v. Ashcroft,* 301 F.3d 1109, 1112 (9th Cir.2002) (internal quotations and citations omitted).[1]

■ The IJ alternatively held that even assuming petitioner was credible, she failed to establish a well-founded fear of persecution if she were to return to Ethiopia. "If past persecution is established, a rebuttable presumption of a well-founded fear [of persecution] arises, 8 C.F.R. § 208.13(b)(1), and the burden shifts to the government to demonstrate [by a preponderance of the evidence] that there has been a fundamental change in circum-

stances such that the applicant no longer has a well-founded fear." *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir. 2004) (internal quotations omitted); 8 C.F.R. § 208.13(b)(1)(i)(A).

Petitioner has clearly established past persecution on account of either her Amhara ethnicity or her political opinions (as expressed by her attendance at political rallies): she was arrested, detained, beaten and otherwise harassed because of her expression of support for an Ethiopian political organization. *See, e.g., Navas v. INS,* 217 F.3d 646, 656 (9th Cir.2000) (holding that to establish persecution on account of political opinion, applicant must demonstrate political beliefs and persecution *because* of those beliefs).

The record does not support the IJ's conclusion that petitioner failed to establish a well-founded fear of future persecution. The IJ noted that the record supported the conclusion that "there are still human rights violations" in Ethiopia, and that this conclusion "is also substantiated by other general background documentation in the record." The IJ failed to apply the statutory presumption, and instead concluded, based solely on unsupported conjecture, that petitioner was not likely to be targeted upon her return. The record actually *supports* petitioner's fear of future persecution; it certainly does not rebut the regulatory presumption. Accordingly, we hold that petitioner established that she was eligible for asylum, and we remand to the Attorney General to exercise his discretion as to whether to grant asylum to an eligible applicant. *See Faruk v. Ashcroft,* 378 F.3d 940, 944 (9th Cir.2004).[2]

1. Indeed, after oral argument before this court, respondent withdrew its argument in support of the IJ's adverse credibility finding.

2. As in *Faruk,* the IJ considered petitioner's eligibility for asylum assuming credible testi-

mony, albeit as an alternative ground, which distinguishes the circumstances here from those addressed in *Ventura. See Ventura,* 537 U.S. at 16–17, 123 S.Ct. 353.

Because the IJ determined that petitioner was not eligible for asylum, she did not consider whether petitioner had met the more difficult requirements for establishing eligibility for withholding of removal. Because the IJ has not yet considered this issue, the proper course is to remand. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). In the event that the withholding of removal claim becomes relevant, the IJ should consider this issue in the first instance upon remand.

Because we grant the petition and remand, petitioner's claim that the BIA abused its discretion in denying her motion to remand to pursue a CAT claim is moot. The IJ shall allow petitioner to develop her CAT claim upon remand.

Petition GRANTED and REMANDED.

TALLMAN, Circuit Judge, concurring separately.

I concur in the majority's judgment. As I read *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), our proper role is to simply remand the case to the Board of Immigration Appeals for reconsideration in the absence of the adverse credibility finding. *See Ventura,* 537 U.S. at 16, 123 S.Ct. 353 ("the proper course, except in rare circumstances, is to remand to the agency") (internal quotations omitted). Notwithstanding the language in *Faruk v. Ashcroft,* 378 F.3d 940 (9th Cir. 2004), *Ventura* bars us from holding that a petitioner is *de facto* eligible for asylum before the agency has had the opportunity to take another look at the claim in light of our reversal of the credibility finding.