Gurgit SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70808.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 2006 *.

Filed Dec. 6, 2006.

Pardeep Singh Grewal, Camiel Becker, Esq., Law Offices of Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., Gjon Juncaj, Esq., John W. Blakeley, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, COX,** and PAEZ, Circuit Judges.

MEMORANDUM ***

Gurgit Singh ("Singh") petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") decision denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[1]

Singh challenges the IJ's determination that he was not credible.[2] We review adverse credibility determinations for "substantial evidence." *Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998). We may "reverse such findings only where the evidence presented by the applicant would compel any reasonable factfinder to reach a contrary result." *Ladha v. INS,* 215 F.3d 889, 896 (9th Cir.2000) (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). In making an adverse credibility determination, the IJ must "have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002) (citations omitted).

Here, the IJ's adverse credibility finding was supported by specific, cogent reasons. In her decision, the IJ found Singh's testimony "vague in many places, unresponsive in others, and contradictory in some." She found Singh evasive on the subjects of why he lived at his uncle's house and when members of the Sikh Student Federation visited him, incredible about his lack of knowledge of what happened to his cousin, inconsistent about when he last saw his cousin, and unresponsive as to his knowledge of politics.

Substantial evidence in the record supports these findings. As to living at his uncle's house, the record shows Singh answered direct questions with non sequiturs, such as "my brother used to help," and refused to answer the question of how he helped his aunt and uncle around the house. As to the Sikh Student Federation members' visits, the record shows that Singh changed his story about when they came and who they were visiting—essential facts in establishing that he was persecuted. As to his cousin's disappearance, the record shows that Singh testified inconsistently about when he last saw his cousin, and the record confirms the IJ's statement that it is implausible that Singh suddenly "dropped the whole concern about [his cousin] from his story" after his cousin's activities had been integral to Singh's asylum claim. Finally, as to Singh's knowledge of politics, the record supports the IJ's finding that Singh was unresponsive; he refused to explain at the hearing why his declaration mentioned po-

** The Honorable Emmett Ripley Cox, United States Circuit Judge for the Eleventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. We review decisions "to deny asylum and withholding for removal" for "substantial evidence." *Hoque v. Ashcroft,* 367 F.3d 1190, 1194 (9th Cir.2004).

2. Because the BIA summarily affirmed the IJ, "we review the substance of the IJ's decision." *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 975 (9th Cir.2006).

litical parties when he claimed to know nothing about politics.

Having determined the IJ's adverse credibility finding is supported by substantial evidence, we hold her denial of Singh's asylum claim is supported by substantial evidence as well.

■ "An alien is entitled to withholding of deportation if the evidence demonstrates a clear probability that the applicant would be persecuted were he to be deported to his home country." *Ladha,* 215 F.3d at 897 (citations omitted). In light of our disposition of Singh's asylum claim, and because the standard to obtain withholding of removal is "more stringent" than asylum, we must also affirm the IJ's denial of withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 961 (9th Cir. 1996) (en banc).

■ Singh's CAT claim, which we review for abuse of discretion, *Almaghzar v. Gonzales,* 457 F.3d 915, 927 (9th Cir.2006), likewise fails. An applicant for CAT relief must "establish that it is more likely than not that he or she would be tortured if removed." 8 C.F.R. § 208.16(c)(2). That torture must be "inflicted by or at the instigation of . . . a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). The IJ denied CAT relief because she could not "make a finding with respect to the respondent's identity [in order to establish CAT eligibility], let alone any previous interaction with the authorities." *See* 8 C.F.R. § 208.16(d)(2) (listing certain criminal convictions that preclude CAT relief). Given that Singh's identifying documents were highly suspect—he could not explain why his birth certificate was issued under a superseded Indian Birth Registry Act or why his driv-

er's license included his father's signature, the IJ did not abuse her discretion in denying CAT relief on the ground that Singh had not credibly established his identity.

**DENIED.**