**ZI YI QIAO, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 04–74551.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2007 \*\*.

Filed Dec. 27, 2007.

Before: PREGERSON, NOONAN, and TROTT, Circuit Judges.

---

\* Michael B. Mukasey is substituted for his predecessor, Peter D. Keisler, as Attorney Gener-

al of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**24**

MEMORANDUM ***

Zi Yi Qiao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), we grant the petition for review.

The IJ denied relief on the basis of an adverse credibility determination, finding Qiao to be non-responsive. An adverse credibility determination based on non-responsiveness must be supported by the identification of "particular instances in the record where the petitioner refused to answer questions asked of him." *See Singh v. Ashcroft*, 301 F.3d 1109, 1114 (9th Cir. 2002). The IJ did identify some specific instances of non-responsiveness, however, these were not supported by the record and therefore cannot provide the basis for an adverse credibility determination. *See Bandari v. INS*, 227 F.3d 1160, 1165 (9th Cir.2000). The IJ also expressed skepticism about the sincerity of Qiao's religious beliefs, but the reasons given were speculative and therefore cannot form the basis of an adverse credibility finding. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence"). Lastly, the IJ declined to credit Qiao's corroborative evidence, including his medical record, a receipt for bail, and the witness testimony of a member of Qiao's church. However, corroborative evidence is not required to establish an applicant's credibility. *See Guo v. Ashcroft*, 361 F.3d 1194, 1200–01 (9th Cir.2004).

Accordingly, we grant the petition for review and remand to the agency for a determination of whether Qiao is eligible for asylum, withholding of removal, and protection under the Convention Against Torture. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**GRANTED AND REMANDED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

