MEMORANDUM **
Petitioner Flora Aydinyan petitions for review of the Board of Immigration Appeals’ (BIA) summary affirmance of the Immigration Judge’s (I J) denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The IJ held that Petitioner was not credible because Petitioner allegedly made four inconsistent statements and was evasive during the hearing. Based on that holding, the IJ denied Petitioner’s applications for asylum, withholding of removal, and protection under the CAT.
We review the IJ’s adverse credibility determination for substantial evidence. Singh v. Ashcroft, 367 F.3d 1139, 1143 (9th Cir .2004).
Substantial evidence does not support the IJ’s determination. Inconsistent statements can only serve as a basis for an adverse credibility determination if they are material and go to the heart of the claim. Zhu v. Mukasey, 537 F.3d 1034, 1038-39 (9th Cir.2008); Mendoza Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir .2003).
The IJ identified four inconsistencies. First, the IJ concluded Petitioner’s declaration stating that a “few” people persecuted her and her testimony that “five or six” people persecuted her created “a material discrepancy” because “earlier she *448 said that five to six would be something more than a few people.” These statements are not inconsistent because a “few” can mean “five or six,” and Petitioner stated as much when asked to clarify the alleged discrepancy. Even if this was inconsistent, it is not material.
Second, the IJ concluded Petitioner’s statement in her declaration that the “same people” visited her in the August and December incidents was inconsistent with her testimony that “five or six” members had visited her in August, and fifteen to twenty people assaulted her in December. Petitioner explained this alleged discrepancy, testifying that in December, the same five or six members who persecuted her in August came to her business again, left once her family members appeared, and then returned later with others. This explanation is entirely reasonable and consistent with her declaration.
Third, the IJ concluded Petitioner’s testimony that President Ter-Petrossian had resigned in 1999 was inconsistent with the State Department Country Report, noting his resignation in 1998. Because the Yerkrapah was aligned with Ter-Petrossian, the IJ concluded that the Yerkrapah could not have been part of the government for purposes of asylum during the time the alleged acts of persecution occurred. The IJ, however, did not find this material, so this court need not consider this ineonsis- ■ tency. Even if it did, the IJ’s conclusion is speculative and speculation is “an impermissible basis for an adverse credibility finding.” Bandari v. INS, 227 F.3d 1160, 1167-68 (9th Cir.2000).
Fourth, the IJ concluded Petitioner’s testimony that, as a result of the December incident, all three of her sons and her husband needed medical attention in a hospital was inconsistent with her declaration stating that only one of her sons and her husband needed medical attention in a hospital. A failure to file an application that is not as complete as hearing testimony, however, does not mean that a petitioner is not credible. See Aguilera-Cota v. INS, 914 F.2d 1375, 1381-82 (9th Cir. 1990). Furthermore, Petitioner explained this inconsistency by stating that although she did not recall specific details, she did recall that her husband and one of her sons needed considerably greater medical attention and treatment. Nor does this inconsistency go to the heart of her claim because what matters is Petitioner’s persecution.
In sum, the four material discrepancies identified by the IJ are either not inconsistent, not material, or both. They therefore cannot support the IJ’s adverse credibility finding.
Furthermore, “[t]o support an adverse credibility finding based on unresponsiveness, the BIA must identify particular instances in the record where the petitioner refused to answer questions asked of him.” Singh v. Ashcroft, 301 F.3d 1109,1114 (9th Cir.2002). Because the IJ did not identify any specific examples of Petitioner’s alleged evasiveness, his unsupported conclusion cannot form the basis of the determination. Id.
Because substantial evidence does not support the IJ’s finding, we grant the petition and remand so that the IJ may consider whether, accepting the petitioner’s testimony as true, the petitioner qualifies for asylum, withholding of removal, or relief under CAT. See, e.g., Mousa v. Mukasey, 530 F.3d 1025, 1030 (9th Cir.2008).
GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.