**SHI FENG GAO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–71366.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 21, 2009.

Bander Law Firm, San Gabriel, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joel M. Schwarz, Esq., Terri J. Scadron, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Shi Feng Gao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Zhu v. Mukasey*, 537 F.3d 1034, 1038 (9th Cir.2008), we grant the petition for review and remand.

Substantial evidence does not support the BIA's adverse credibility determination. *See id.* To the extent the BIA relied on an inconsistency based on testimony Gao gave during his airport interview, substantial evidence does not support that finding. *See id.* at 1040–41 (petitioner's failure to mention core incident of persecution at her airport interview was not a proper basis for an adverse credibility finding). Substantial evidence also does not support the BIA's finding that Gao's testimony was evasive and non-responsive to the questions asked of him. *See Singh v. Ashcroft*, 301 F.3d 1109, 1114 (9th Cir. 2002) ("[O]ur review of the record revealed no instance in which [petitioner] evaded or refused to answer a direct question put to him."). Further, a review of the record shows that Gao's testimony did not lack specificity about the government's efforts to pursue him or his uncle, did not lack detail regarding the government's visit to the family factory, and was not confusing about the fate of the factory. *See Zheng v. Ashcroft*, 397 F.3d 1139, 1147 (9th Cir. 2005) (concluding that, although petitioner's testimony was fairly detailed, IJ erroneously faulted him for not providing fur-

ther details). Finally, substantial evidence does not support the BIA's finding that Gao's testimony about his support of Falun Gong was vague and lacked detail. *See id.*

Accordingly, we grant the petition for review and remand for the agency to consider Gao's application for asylum and withholding of removal. *See Tekle v. Mukasey*, 533 F.3d 1044, 1056 (9th Cir.2008) (holding that, where BIA affirmed only IJ's adverse credibility finding and declined to reach the issue of eligibility for asylum and other relief, court must remand under *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam)).

**PETITION FOR REVIEW GRANTED; REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.