**Mohinder SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72630.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2009.

Filed April 24, 2009.

Hilari Allred, Esquire, Robert Bradford Jobe, Esquire, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Jay Adelstein, Anthony Paul Nicastro, Esquire, Trial, Jonathan Aaron Robbins, Esquire, Trial, DOJ–U.S. Department of Justice, Antoinette Barksdale, Senior Litigating, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: NOONAN, ARCHER,* and McKEOWN, Circuit Judges.

* The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

MEMORANDUM **

False statements or inconsistencies "must be viewed in light of all the evidence presented in the case." *Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir.2005). The BIA highlighted two examples: the number of arrests and the knee injury. Substantial evidence supports neither. "To support an adverse credibility determination based on unresponsiveness, the BIA must identify particular instances in the record where the petitioner refused to answer questions asked of him." *Singh v. Ashcroft*, 301 F.3d 1109, 1114 (9th Cir. 2002). Singh not only answered the questions put to him about the number of his arrests, but he provided a reasonable explanation for the apparent discrepancy. "An adverse credibility finding is not based on substantial evidence when '[t]he BIA [or the IJ] did not comment on [an applicant's] explanation, nor suggest any reason that it found his explanation not credible.'" *Guo v. Ashcroft*, 361 F.3d 1194, 1201 (9th Cir.2004), quoting *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998).

In regard to the knee injury, this Court has "long recognized that difficulties in interpretation may result in seeming inconsistencies, especially in cases ... where there is a language barrier." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 662 (9th Cir.2003); *see also Zahedi v. INS*, 222 F.3d 1157, 1167 (9th Cir.2000). There was nothing unresponsive about the answers Singh provided. The IJ's obtuse manner of questioning Singh about the injury done to his knee during interrogation disregarded translation difficulties. This Court has further held that a minor omission in a doctor's letter cannot be deemed an inconsistency. *Singh v. Ashcroft*, 301 F.3d at 1112–13.

We REMAND to the BIA for proceedings consistent with this opinion.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

