**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALDEV SINGH, | No. 09-73519 |
| Petitioner, | Agency No. A072-114-015 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2010[**]
Seattle, Washington

Before: B. FLETCHER and BYBEE, Circuit Judges, and WILKEN, District
Judge.[***]

Petitioner Baldev Singh seeks review of an order of the Board of

Immigration Appeals (Board), issued on October 7, 2009, in which the Board

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Claudia A. Wilken, District Judge for the U.S. District
Court for Northern California, Oakland, sitting by designation.

rejected his appeal from the Immigration Judge's (IJ) decision denying his applications for asylum, witholding of removal, and protection under the Convention Against Torture (CAT). Singh sought asylum due to alleged persecution on account of his Sikh faith and his political opinion. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We grant the petition and remand.

The Board's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record; reversal should occur only where the evidence is such that a reasonable fact finder would have to conclude that the requisite fear of persecution existed. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Yazitchian v. INS, 207 F.3d 1164, 1168 (9th Cir. 2000). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B). Credibility determinations are also reviewed for substantial evidence and, thus, must be upheld unless the evidence presented would compel a reasonable fact finder to reach a contrary result. de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir. 1997). An adverse credibility determination must be supported by "specific, cogent reason[s]." Akinmade v. INS, 196 F.3d 951, 954 (9th Cir. 1999) (alteration in original). We independently evaluate the IJ's reasons for his adverse credibility findings. Chen v. Ashcroft, 362 F.3d 611, 617 (9th Cir. 2004).

2

The IJ denied Singh asylum, witholding of removal, and relief under the CAT after making an adverse credibility finding. The Board affirmed the IJ's adverse credibility finding on three of the grounds addressed by the IJ, and stated that it did not reach the remaining grounds for the IJ's determination. The Board affirmed the denial of asylum, witholding of removal, and relief under the CAT. "Where the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." Cordon-Garcia v. INS, 204 F.3d 985, 990 (9th Cir. 2000); see also Hosseini v. Gonzales, 471 F.3d 953, 957 (9th Cir. 2006).

We find insufficient indicia in the record to support the Board's adverse credibility determination. First, the statements from Singh's father and father-in-law do not create the material discrepancy the IJ found, because they do not contradict Singh's testimony. The father-in-law's statement corroborates Singh's arrest in 1990 while the father's statement corroborates Singh's arrest in 1992. The omission of one arrest in either of the statements reduces the amount of corroboration offered by each of the statements, but does not produce inconsistent evidence. See Singh v. Ashcroft, 301 F.3d 1109, 1112 (9th Cir. 2002) (recognizing that "inconsistent" means "contradictory").

3

Secondly, contrary to the IJ's finding, Singh was generally consistent in his testimony that he was arrested for a second time in April 1992, and left India in December 1992. This testimony was supported by his 1993 asylum application, and the statements from his family members. At one point in the hearing, Singh apparently misspoke and said that he left India in 1990. The IJ's attempt to seek clarification from Singh was interrupted by an exchange with the interpreter and Singh's counsel. The IJ then did not pursue an explanation. Subsequently, Singh reiterated that he was arrested in April 1992, and left India in December of that year. Where an asylum applicant is "denied a reasonable opportunity to explain what the IJ perceived as an inconsistency in her testimony . . . . [t]he IJ's doubt about the veracity of her story . . . cannot serve as a basis for the denial of asylum." Chen, 362 F.3d at 618.

Finally, the Board relied on the IJ's finding that Singh's demeanor was non-responsive. The IJ faulted Singh for repeatedly stating that he was having trouble remembering particular facts. For example, the IJ faulted Singh for struggling to answer questions about the date of his return to India after a previous visit to the United States in 1981. It is important to note, however, that Singh was called upon to testify in 2008 about events that occurred eighteen years and, sometimes, nearly thirty years earlier.

4

In addition, the IJ found Singh's demeanor particularly evasive when he was asked whether anyone in India was still searching for him. Because our review of the transcript reveals that Singh was responsive to the IJ's questions, the IJ's contrary finding does not support an adverse credibility determination.

Our independent evaluation of the record reveals that none of the Board's reasons for affirming the IJ's adverse credibility finding was supported by substantial evidence.

We remand this case to the Board with instructions to consider Singh's petition for asylum, witholding of removal, and relief under the CAT in light of our ruling that his testimony is credible. INS v. Ventura, 537 U.S. 12, 14-18 (2002) (per curiam) (remand appropriate where asylum issue not fully considered by the BIA); Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir. 2006) (reversing adverse credibility finding and remanding for determination of asylum eligibility); Singh v. Ashcroft, 362 F.3d 1164, 1172 (9th Cir. 2004) (same); He v. Ashcroft, 382 F.3d 593, 603-04 (9th Cir. 2003).

**PETITION GRANTED and REMANDED.**

5