NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARAMJIT SINGH, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-71914 <br><br> Agency No. A205-773-173 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2022**
Pasadena, California

Before: McKEOWN and OWENS, Circuit Judges, and HELLERSTEIN,*** District Judge.

Karamjit Singh, a citizen of Punjab, India, seeks review of the Board of

Immigration Appeals' ("BIA") decision dismissing his appeal of the Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). "When, like here, the BIA issues its own decision but adopts particular parts of the IJ's reasoning," *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020), we review "the reasons explicitly identified by the BIA" and "the reasoning articulated in the IJ's oral decision in support of those reasons," *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (citation omitted). We review adverse credibility determinations under the "substantial evidence" standard. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). We grant the petition for review and remand to the agency for proceedings consistent with this disposition.

In affirming the IJ's adverse credibility determination, the BIA relied on four alleged inconsistencies and implausibilities:

1. The BIA first cited an apparent inconsistency in Singh's testimony regarding the timing of when police first accused him of being a member of Babbar Khalsa (a Sikh resistance organization designated as a terrorist group by the United States and India). The IJ labeled this the "[m]ost notabl[e]" of Singh's "materially inconsistent and implausible testimony." Inconsistencies that are "trivial" and "have no bearing on a petitioner's veracity should not form the basis of an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1043–44 (9th Cir. 2010). Whether Singh was first accused of being a member of Babbar Khalsa in

2

2011 or 2012 is paradigmatically trivial. *See Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011). What is significant to Singh's claim is his assertion of repeated harassment, violence, and unjustified arrests, not whether one specific (and, he maintains, false) allegation was first made in 2011 or 2012.

2. The BIA next noted a related inconsistency regarding when Singh first heard of Babbar Khalsa. Once again, this inconsistency is trivial, for the same reason as the 2011 versus 2012 "inconsistency" discussed above.

3. The BIA then cited as inconsistent Singh's testimony about continuing to take pain medication for several weeks after his release from his doctor's care. The difference between Singh's testimony and the very brief, handwritten doctor's note is more accurately characterized as an omission, if even that, not an inconsistency. "[I]n general, 'omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony.'" *Iman*, 972 F.3d at 1067 (quoting *Lai*, 773 F.3d at 971). In the specific context of a doctor's communique, the "mere omission of one detail included in Singh's oral testimony does not make the letter logically inconsistent or incompatible." *Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir. 2002). Further, it is "important" that Singh provided a doctor's "note," not a full "letter or report," because a note contains "contemporaneous conditions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1044–45 (9th Cir. 2016). Thus, the note's comment that Singh is "quite fit" indicates his condition "*at the time of the*

3

*medical exam*." *Id*. at 1045. The note's failure to mention Singh's past pain medication is not inconsistent with his testimony. *Id*.

4. The BIA finally cited the IJ's finding that it was "implausible that the respondent would have been told by his doctor that he had sustained permanent brain damage as a result of the beating he endured by the police, yet the doctor's letter would not mention this serious injury at all." We disagree that it is implausible that the handwritten, half-page doctor's note would not mention the full extent of Singh's injuries. Once again, this is properly understood as an omission, and the same precedent guides us here. *See, e.g.*, *Singh*, 301 F.3d at 1112. Additionally, where, as here, new information was elicited "through very specific cross-examination questions from the government," it is not proper to conclude that the applicant was attempting to belatedly bolster his claim. *Lai*, 773 F.3d at 973.

In sum, the four inconsistencies and implausibilities cited by the BIA are all either trivial or not plainly inconsistent at all. Thus, considering the "totality of circumstances," *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), we reject the agency's adverse credibility determination and "remand to the BIA for further proceedings to consider the merits of Singh's application[s]." *Singh*, 301 F.3d at 1114.[1] We also remand as to

---

[1] To the extent the agency additionally rested its adverse credibility determination on Singh's failure to produce corroborative evidence, we note that he was not given notice in accord with *Ren*,

withholding, so that the agency can reconsider the matter in light of Singh's credible testimony. Finally, we remand as to CAT relief, so that the agency can reconsider the matter in light of Singh's credible testimony.[2]

**PETITION GRANTED and REMANDED.**

---

which demands that a petitioner be given notice of the *specific* corroboration required to rehabilitate his testimony. 648 F.3d at 1091–92; *see also Lai*, 773 F.3d at 976.

[2] Although the BIA writes that the IJ "specifically assessed whether the evidence [in the record] served to establish the respondent's claim independent of the testimony found not to be credible," the IJ acknowledged that the purportedly incredible testimony "informs, in part, the Court's [CAT] finding," and the IJ never stated that Singh's CAT claim would fail even if his testimony were found to be credible. Therefore, remand is appropriate.