**Surjit Singh SAMRA, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–74641, A78–648–183.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

Submitted Feb. 2, 2005.**

Decided April 18, 2005.

Garish Sarin, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and T.G. NELSON, Circuit Judges.

## MEMORANDUM***

Surjit Singh Samra ("Samra"), a native and citizen of India, entered the United States and timely applied for asylum, withholding of removal, and Convention Against Torture relief. An Immigration Judge ("IJ") determined that Samra's claims of political and religious persecution were not credible. We deny the petition for review.

To qualify for asylum, Samra was required to show he was unwilling to return to India "because of persecution or a well-founded fear of persecution." *See Khup v. Ashcroft*, 376 F.3d 898, 903 (9th Cir.2004) (internal quotation omitted). To obtain withholding of removal, Samra was required to show he would more likely than not be subjected to persecution if forced to return to India. *Id.* at 905. Finally, for Convention Against Torture relief, Samra had to demonstrate it is more likely than not he will be tortured if returned to his native country. *Id.* at 906. Because the BIA affirmed without opinion, we look to the IJ's decision as the final agency determination. *Ali v. Ashcroft*, 394 F.3d 780, 784 (9th Cir.2005).

The IJ's adverse credibility finding "may be reversed only if the evidence presented was so compelling that no reasonable factfinder could find that the petitioner was not credible." *Shire v. Ashcroft*, 388 F.3d 1288, 1295 (9th Cir.2004). Here, the IJ cited discrepancies in Samra's story. These discrepancies—regarding Samra's encounter with alleged terrorists, his claim that he was hospitalized for five days, and his decision to go into hiding before leaving India—are neither "minor" nor "unimportant facts." *See Singh v. Ashcroft*, 301 F.3d 1109, 1113 (9th Cir.2002). The IJ also noted Samra's lack of knowledge regarding his father's filing of a complaint with authorities. Because this event apparently triggered the alleged persecution, Samra's conflicting testimony on the matter goes to the heart of his asylum claim. *See id.* Finally, we owe "special deference" to the IJ's credibility finding based on Samra's demeanor. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 685 (9th Cir. 2003). Accordingly, we conclude that substantial evidence supports the IJ's adverse credibility finding.

Because Samra did not establish his eligibility for asylum, he also failed to meet the more stringent requirements for withholding of removal. *See Al–Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir.2001). Although Samra's request for relief under

---

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the Convention Against Torture is not automatically precluded by his failure to establish his eligibility for asylum, his lack of credibility is fatal to his claim for such relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.