**Charngit SINGH, Petitioner,**

v.

** This disposition is not appropriate for publication and may not be cited to or by the

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–71677.

Agency No. A77–297–941.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2005.

Decided June 10, 2005.

Surjit Singh, Law Office of Surgit Singh, APC, Anaheim, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Alison Marie Igoe, William C. Minick, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before LAY,** REINHARDT, and THOMAS, Circuit Judges.

## MEMORANDUM***

Petitioner Charanjit Singh requests review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of Petitioner applications for asylum, withholding of removal and relief under the Convention Against Tortures. The IJ found that Singh was not credible and ordered him removed under INA § 212(a)(7)(A)(i)(I) for entering the United States without a passport and under INA § 212(a)(6)(C)(i) fraud or willful misrepresentation. We grant the petition for review. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

The BIA has not shown the "legitimate articulable basis to question the petitioner's credibility, and . . . specific, cogent reason for any stated disbelief" required to

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

support an adverse credibility determination. *Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002). In this case, the IJ failed to show "specific, cogent reasons that bear a legitimate nexus to the finding." *Zahedi v. INS,* 222 F.3d 1157, 1163 (9th Cir.2000).

The IJ relied on impermissible conjecture and speculation in forming his adverse credibility finding. He focused primarily on Singh's statements during his airport interview to find Singh was not credible despite the fact that Singh's subsequent statements were all credible and internally coherent. In the IJ's words, that Singh "lied to escape INS custody." An asylum applicant's statement during the initial airport interview, however, is not ordinarily a valid basis for a credibility decision. *See, e.g., Kaur v. Ashcroft,* 379 F.3d 876, 889 (9th Cir.2004); *Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir.1999).

The evidence surrounding Singh's airport interview further demonstrates why Singh's statements do not discredit his credibility. At his asylum hearing, Singh testified that during the interview he was confused and frightened. The agent he had been traveling with disappeared and Singh did not know where he was. He had not eaten for several days. The police uniforms scared him. As this court has noted before, "an arriving alien who has suffered abuse during interrogation sessions by government officials in his home country may be reluctant to reveal such information during the first meeting with government officials in this country." *Singh v. INS,* 292 F.3d 1017, 1024 (9th Cir.2002) (quoting *Balasubramanrim v. INS,* 143 F.3d 157, 163 (3d Cir.1998)).

The IJ puts forth other grounds for discrediting Singh's testimony, but these reasons are based on impermissible conjecture and are insufficient to support the adverse credibility finding. Moreover, the remainder of the IJ's findings all appear tainted by the fact that he considers Singh to be untruthful. *See Paramasamy v. Ashcroft,* 295 F.3d 1047, 1054 (9th Cir. 2002) ("[T]he reliance on [an] improper factor further erodes our confidence in the existence of reasonable basis for the adverse credibility determination.").

Since the airport experience, Singh has always told the same story: throughout his credible fear interview, in his asylum application and supporting affidavits, and during his hearing testimony Singh presented the same consistent history. The IJ's adverse credibility determination was unfounded and should be reversed.

At oral argument, the government suggested other reasons why Singh should not be considered credible and argued that country conditions had changed. However, we cannot affirm the agency decision on grounds upon which it did not rely. *See Navas v. INS,* 217 F.3d 646, 658 n. 16 (9th Cir.2000).

Taking Singh's testimony as credible, Singh presented substantial evidence supporting subjectively genuine and objectively reasonable fear of persecution. *See Fisher v. INS,* 79 F.3d 955, 960 (9th Cir. 1996); *see also* 8 C.F.R. § 1208.13(a) ("The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration."). Under the circumstances, Singh has "presented evidence 'so compelling that no reasonable factfinder could find' that Petitioner has not established eligibility for asylum." *Singh v. INS,* 134 F.3d 962, 966 (9th Cir. 1998) (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

At oral argument, the government represented that the REAL ID Act's new standards regarding corroborating evidence apply to this case. The govern-

ment's representation is directly contrary to the provisions of the statute. The Act provides that this provision "shall apply to applications for asylum, withholding, or other relief from removal made *on or after* such date [May 11, 2005]." REAL ID Act of 2005, Pub. L. No. 109–13, Div. B, Title I, § 101(h)(2) (emphasis added). In this case, the final administrative order was issued by the BIA on April 4, 2003, long before the statute's enactment on May 11, 2005. As a result, the REAL ID Act's provisions do not apply to this case.

We grant the petition for review and remand for a determination whether, given that Singh has established a well-founded fear of future persecution, changed country conditions rebut the presumption of a well-founded fear of future persecution. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION GRANTED; REMANDED.**