**Narine GYONJYAN; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72894.
Agency Nos. A95–179–396, A95–179–397.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM **

Narine and Levon Gyonjyan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an immigration judge's ("IJ") denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and will reverse only if the evidence that the petitioner presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *See Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir. 2002). We deny the petition for review.

■ Gyonjyan's asylum claim is premised on alleged persecution on account of her political opinion opposing the alleged embezzlement at her former employer, a state social services agency.

Substantial evidence, however, supports the IJ's conclusion that Gyonjyan failed to show that her opposition to this alleged corruption was "directed toward a governing institution ... and not only against individuals whose corruption was aberrational." *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000). The alleged embezzlement Gyonjyan reported at her place of employment is not considered "opposition to a government institution," but opposition toward specific individuals in the agency where she worked. *See id.*

David Nakatsuma, Los Angles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Gyonjyan testified that following her reporting of the alleged embezzlement, there was an attempted kidnapping of her daughter, search of her home, detention, threatening phone calls, and a fire at her husband's business. The IJ properly concluded that these incidents failed to have the requisite nexus to her whistle-blowing activities. *See Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997) (Petitioner cannot establish this alleged persecution was "on account of" her political opinion by inference, unless the inference is one that is clearly drawn from facts in evidence).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.