Ahmed Haybe ABDILLE, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 03–71871.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Submission Deferred Oct. 26, 2005.

Resubmitted Nov. 30, 2005.

Decided Dec. 20, 2005.

Jonathan D. Montag, Esq., Law Offices of Jonathan D. Montag, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Madeline Henley, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Petitioner Ahmed Haybe Abdille, a native and citizen of Somalia, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming without opinion an Immigration Judge's (IJ) removal order and denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture. We dismiss Abdille's petition as to his asylum claim and remand as to his remaining claims.

Abdille cannot be granted asylum "unless [he] demonstrates by clear and convincing evidence that [his] application has been filed within 1 year after the date of [his] arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). In addition, we have previously held that pursuant to the jurisdiction-stripping provision of 8 U.S.C. § 1158(a)(3), "we lack jurisdiction to review the IJ's determination that [Abdille] failed to file his asylum application within

one year." *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001).

In this case, the IJ found that Abdille "[o]bviously ... has not carried his burden of proof" with regard to the one-year time bar for asylum applications. The IJ made this determination on the basis of factual findings with regard to Abdille's testimony explaining how he traveled to the United States from Somalia. The IJ found incredible, among other things: 1) that Abdille did not know the identity of the individual smuggling him into the country; 2) that Abdille could not recall any of the personal identity information on his fake passport; 3) that Abdille could not recall whether he had obtained any visas for the countries he traveled through; 4) that Abdille could not remember any of the names of the towns he passed as he traveled by bus through Mexico; 5) that Abdille made it past the United States border guards easily; 6) that Abdille claimed not to have prepared his application for asylum himself; and 7) that Abdille seemed generally unprepared for his travels, despite his purported intense fear and nervousness.

■ We do not have jurisdiction to review the IJ's determination under 8 U.S.C. § 1158(a)(3), because it is factual in nature. Even following the passage of the REAL ID Act, which sought to restore our jurisdiction somewhat, the circumstances under which we can review an IJ's application of the one-year bar are very limited. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1221–22 (9th Cir.2005) (holding that even a determination of "changed circumstances" within the meaning of 8 U.S.C. § 1158(a)(2)(D) is a predominantly factual question over which we have no jurisdiction). In the context of the timeliness of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

an asylum application, we may review only "constitutional claims or questions of law." *See* 8 U.S.C. § 1252(a)(2)(D) (as amended). No such claim or question is raised here, and so this court may not review the IJ's determination that Abdille's application for asylum is time-barred.

■ Regardless of the timeliness of Abdille's asylum application, however, "this court has jurisdiction under 8 U.S.C. § 1252(a) to review the final order denying withholding of removal," *Hakeem*, 273 F.3d at 816, and to review his claim under the Convention Against Torture. The IJ, on the basis of the factual findings noted above, held that Abdille's testimony regarding his travel to the United States was incredible. The IJ used this adverse credibility determination as the basis for denying all of Abdille's requested relief, including his requests for withholding of removal and relief under the Convention Against Torture. Because the BIA affirmed the decision of the IJ without opinion, we "review the decision of the IJ as the final agency determination under the substantial evidence standard." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005) (citing 8 C.F.R. § 1003.1(e)(4); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003)). The IJ's adverse credibility determination is not supported by substantial evidence for two reasons: first, it is based on speculation and conjecture; and second, it lacks the proper nexus to the "heart" of Abdille's asylum claim.[1]

Under the substantial evidence standard, findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." *Jibril v. Gonzales*, 423 F.3d 1129, 1136 (9th Cir.2005) (citing 8 U.S.C. § 1252(b)(4)(B)) (internal quotations omitted). Speculation and conjecture cannot justify an adverse credibility determination. *Smolniakova*, 422 F.3d at 1044–45 (citing *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir.2004)). Thus, we "must evaluate the IJ's implausibility findings to determine whether or not they are speculative or conjectural." *Jibril*, 423 F.3d at 1136.

■ In *Jibril* we held that an IJ generally cannot determine that an alien's testimony is implausible "without pointing to any evidence in the record that contradicted him." 423 F.3d at 1136. In *Jibril*, the IJ found implausible that an individual could adequately feign death while being kicked repeatedly, but this court overturned that determination as speculative. *Id.* Likewise, when the IJ here determined that aspects of Abdille's flight were implausible, that reasoning was not grounded in the record, and amounted to little more than guesswork. Abdille's story was inconsistent with the IJ's commonsense notions of how international travel should work, but it was not inconsistent with itself or with the record. True, Immigration Judges "must be allowed to exercise common sense," because "[w]ithout such latitude, IJs would be bound to credit even the most outlandish testimony as long as it

---

1. Section 101(a)(3)(B)(iii) of the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005), recently "clarifie[d] the grounds on which an IJ can base an adverse credibility determination." *Jibril v. Gonzales*, 423 F.3d at 1138, n. 1. Under the changes made by § 101(a)(3)(B)(iii), an IJ may base an adverse credibility determination on, *inter alia*, an inconsistency, inaccuracy, or falsehood "without regard to whether [it] goes to the heart of

the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii), *as amended by* Pub.L. No. 109–13, § 101(a)(3)(B)(iii), 119 Stat. 231 (2005). These provisions, however, do not apply to Abdille's petition because Abdille filed his petition before May 11, 2005, when these provisions became effective. *See* REAL ID Act, Pub.L. No. 109–13, § 101(h)(2), 119 Stat. 231 (2005).

was internally consistent." *Jibril*, 423 F.3d at 1135. But the explanation Abdille gives here is not so much outlandish as it is simply surprising. Though there is no "consistent line that has been drawn between an IJ's legitimate application of common sense ... and an IJ's reliance on 'speculation or conjecture,'" *id.*, in this case the IJ's discrediting of Abdille's story seems to weigh almost wholly on the speculation side of the ledger.

Furthermore, speculation is not the only infirmity in the IJ's adverse credibility finding. Adverse credibility determinations must be "based on specific, cogent reasons that bear a legitimate nexus to the finding." *Zahedi v. INS*, 222 F.3d 1157, 1165 (9th Cir.2000). Any inconsistencies used by the IJ to determine a lack of credibility "must go to the heart of [the] asylum claim." *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002) (citations and internal quotations omitted). Plainly, the IJ's adverse credibility determination was based in large measure on Abdille's testimony and declarations with regard to his travels, *not* with regard to his past and future persecution. Virtually none of the facts that the IJ discredits as implausible go to the heart of Abdille's claim that he was and will be persecuted in Somalia for his clan membership status. As we noted in *Jibril*: "[w]hy a person who provides inconsistent testimony on any *one* matter should still be presumed credible as to *all* other matters is far from obvious, but such is the rule we are bound to apply." 423 F.3d at 1134. Likewise, even if Abdille should be held incredible with regard to his story of flight from Somalia, he should still be presumed credible with regard to the heart of his claim for withholding of removal and relief under the Convention Against Torture. Accordingly, we remand to the IJ "to apply the law to the facts in the first instance ... accepting [Abdille's] testimony as credible and paying particu-

lar attention to the [country information in the record regarding Somalia]." *Jibril*, 423 F.3d at 1138–39.

For the foregoing reasons, we DISMISS in part and REMAND in part.