**Andrey MINASYAN, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 04–72668.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 14, 2007.

Andrey Minasyan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David Dauenheimer, Department of Justice, Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Before: B. FLETCHER, REINHARDT, and RYMER, Circuit Judges.

## MEMORANDUM **

Petitioner Andrey Minasyan ("Minasyan") appeals the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") order denying Minasyan's petition for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), based on a finding of adverse credibility. We have jurisdiction pursuant to 8 U.S.C. § 1252 and affirm.

Adverse credibility findings are reviewed for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). The IJ " 'must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief.' " *Id.* (quoting *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994)). An adverse credibility ruling "will be upheld so long as identified inconsistencies go to the 'heart of [the] asylum claim.' " *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004) (quoting *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002)). Where an adverse credibility finding is based on discrepancies or inconsistencies, the applicant must be given a reasonable opportunity to explain those inconsistencies. *Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir.2004). The IJ must then consider and address the petitioner's explanation for the identified inconsistency. *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006).

The IJ here identified several inconsistencies between Minasyan's earlier sworn statements, his declaration in support of his asylum application, and his testimony before the IJ. At least two of these inconsistencies went to the heart of Minasyan's claims for relief. *Li*, 378 F.3d at 962. First, contrary to all of his prior statements, Minasyan testified before the IJ that a gunshot wound to his leg was inflicted by his alleged persecutors. Second, again contrary to all prior statements, Minasyan testified that his persecutors repeatedly beat him while he was hospitalized for treatment of that wound. These inconsistent statements went to the source and severity of Minasyan's persecution and were thus at the heart of his claims. *Id.* Minasyan was given an opportunity to explain these inconsistencies, and the IJ provided clear and non-speculative reasons to reject Minasyan's explanation. *Ge v. Ashcroft*, 367 F.3d 1121, 1124–25 (9th Cir. 2004).

The IJ further found that Minasyan's demeanor while testifying supported the adverse credibility finding. An IJ's demeanor findings are afforded "special deference." *Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999). The IJ referred to specific aspects of Minasyan's testimony and his lack of emotion during that testimony with sufficient particularity to support the demeanor finding. *Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003). Moreover, the IJ's demeanor finding was not the only basis for the adverse credibility determination. The demeanor finding augmented the IJ's findings on Minasyan's inconsistent testimony and implausible explanations for those inconsistencies. *Singh–Kaur*, 183 F.3d at 1151–53 (adverse credibility finding affirmed where demeanor, inconsistent testimony, and implausible explanations all supported IJ credibility determination).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, the IJ's adverse credibility finding foreclosed Minasyan's CAT claim, as well as his asylum and withholding of removal claims. Minasyan did not place any additional evidence in the record beyond his own testimony that supported the CAT claim. *Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

Accordingly, we AFFIRM.