**KELE GUO, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 05–73945.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

Robert A. Espinosa, Esq., Santa Fe Springs, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Frank M. Travieso, Esq., Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Sharla Cerra, Esq., San Francisco, CA, Virginia Lum, U.S. Department Of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

## MEMORANDUM **

Kele Guo, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, we have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA adopts the decision of the IJ, we review for substantial evidence the IJ's decision as if it were that of the BIA. See Abebe v. Gonzales, 432 F.3d 1037, 1039 (9th Cir.2005) (en banc).

The record does not compel the conclusion that the untimely filing of the asylum application should be excused. See 8 C.F.R. § 208.4(a).

As to Guo's withholding and CAT claims, substantial evidence does not support the IJ's demeanor finding. See Arulampalam v. Ashcroft, 353 F.3d 679, 686 (9th Cir.2003) (stating that an IJ's demeanor-based adverse credibility finding must specifically and cogently refer to the noncredible aspects of the applicant's demeanor). Substantial evidence also does not support the IJ's findings regarding the inconsistencies about Guo's 2001 detention because the IJ failed to provide Guo with a reasonable opportunity to offer an explanation for these inconsistencies. See Guo v. Ashcroft, 361 F.3d 1194, 1200 (9th Cir. 2004).

We also conclude that Guo's testimony concerning his trip to Thailand was consistent with his testimony regarding his residential supervision and his fear of the Chinese Government. See Singh v. Gonzales, 403 F.3d 1081, 1090 (9th Cir.2005). Finally, Guo's inconsistent testimony concerning whether or not he maintained contact with his fellow Zhong Gong practitioners is a minor inconsistency that cannot support an adverse credibility finding. See Singh v. Ashcroft, 301 F.3d 1109, 1113 (9th Cir. 2002). Accordingly, we grant the petition and remand to the BIA for further proceedings consistent with this disposition as to Guo's withholding of removal and CAT claims. See INS v. Ventura, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DENIED in part; GRANTED in part and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.