**Anita Theresia LUMENTUT; Melkior Lumentut, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–72704.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 28, 2008.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Mark C. Walters, Esq., Jennifer Lightbody, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

Anita Theresia Lumentut and her husband, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we grant the petition for review.

The IJ found that Anita Lumentut had not established past persecution or a well-founded fear of future persecution, and determined that Melkior Lumentut's testimony that his house was set afire by Muslim extremists was not credible.

Substantial evidence does not support the IJ's determination that Melkior Lumentut's testimony concerning the reli-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gious motivation for the 1993 burning of his house was not credible, because there is no inconsistency between his testimony and the police report statement that the perpetrators were Muslim proselytizers. *See Singh v. Ashcroft,* 301 F.3d 1109, 1112 (9th Cir.2002). In addition, the IJ's demeanor finding regarding how much emotion Melkior Lumentut should have displayed when discussing the event is based on improper speculation. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004).

Therefore, we remand for the agency to consider whether, taking petitioners' testimony as true, they have shown eligibility for asylum, withholding of removal, and CAT relief. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.