Satvinder KAUR, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75104.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–P3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Satvinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002), we deny the petition for review.

█ Substantial evidence of inconsistencies in the presence or absence of eyewit-

nesses and the extent of injuries sustained supports the IJ's adverse credibility determination based on Kaur's failure to produce corroborating evidence regarding "any of the material aspects of her case." *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000) ("[W]here the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review."). Substantial record evidence supports the IJ's "reason to question" Kaur's credibility. Moreover, in light of Kaur's communication with her mother-in-law in India, Kaur's submission of some background evidence from India that she requested and was sent to her, and Kaur's opportunity to reinforce her claim in the lengthy interval between hearings, a reasonable factfinder would not be compelled to conclude that Kaur was unable to produce any material corroborating evidence of her claimed persecution. *Id.*

█ The agency therefore properly denied Kaur's applications for asylum and withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Because Kaur's Convention Against Torture ("CAT") claim is based on the same evidence that the IJ concluded was not credible, her CAT claim also fails. *Id.* at 1157.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.