MEMORANDUM **
Abraham Haile Bisrat, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we dismiss in part, deny in part, and grant in part the petition for review.
We lack jurisdiction to review the agency’s determination that Bisrat failed to file his asylum application timely because the underlying facts are disputed. Cf. Ramadan v. Gonzales, 479 F.3d 646, 650 (9th Cir.2007) (per curiam). Bisrat’s equal protection challenge to the one year time limit on the filing of asylum applications lacks merit. See Hernandez-Mezquita v. Ashcroft, 293 F.3d 1161, 1163-65 (9th Cir.2002) (rejecting an equal protection challenge to statutory time limitation where such limitation served rational evidentiary purpose). Accordingly, we dismiss the petition as to Bisrat’s asylum claim.
*564 The IJ denied Bisrat’s withholding of removal claim because she found Bisrat incredible. In part, the IJ found Bisrat not credible because of his unclear testimony. This is not supported by substantial evidence because Bisrat was not given the chance to attempt to clarify his testimony. See He v. Ashcroft, 328 F.3d 593, 602 (9th Cir.2003) (adverse credibility finding based on an alien’s “vague description of the elapsed time,” was not supported by substantial evidence where the alien “was not cross-examined about the timing of events, [and] had no reason or opportunity to explain what he meant”).
The IJ also found Bisrat not credible because she found it implausible that Ethiopian authorities would give Bisrat a choice whether to be deported to Eritrea and that his description of meeting an Ethiopian upon his arrival in Las Vegas was implausible. The record does not support the IJ’s finding first finding, and details of his arrival in the United States do not go to the heart of his asylum claim, so an implausibility there does not justify an adverse credibility finding, see Singh v. Ashcroft, 301 F.3d 1109, 1111 (9th Cir.2002).
Finally, the IJ faulted Bisrat for not introducing corroborating evidence regarding his injuries or arrival date. Because the IJ’s other adverse credibility findings are unsupported, lack of corroboration alone cannot support the credibility finding. See Marcos v. Gonzales, 410 F.3d 1112, 1118 (9th Cir.2005). Moreover, Bis-rat was never questioned regarding the lack of corroboration and there is no showing that such evidence would have been “easily available.” See Sidhu v. INS, 220 F.3d 1085, 1091-92 (9th Cir.2000).
The agency alternatively denied withholding of removal on the merits, finding that Bisrat failed to “indicate” that his arrest was connected to his involvement with the Oromo Liberation Front (“OLF”) such that any persecution was on account of a protected ground. Substantial evidence does not support this conclusion because Bisrat described his role in the Oro-mo Liberation Front, stated that he was arrested because of it, and recounted being taunted in jail due to that affiliation. See Gafoor v. INS, 231 F.3d 645, 647 (9th Cir.2000).[1]
We therefore hold that substantial evidence does not support the agency’s conclusion with respect to the credibility and nexus findings and we grant the petition as to withholding of removal and remand for the agency to reconsider Bisrat’s credibility and to decide in the first instance whether the harm that Bisrat suffered rose to the level of persecution and whether he is entitled to a presumption of a clear probability of future persecution. See Soto-Olarte v. Holder, 555 F.3d 1089, 1095-96 (9th Cir.2009).
Substantial evidence supports the agency’s denial of CAT relief because Bis-rat has not established he will be tortured if returned to Ethiopia and we deny his CAT claim. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
PETITION FOR REVIEW DISMISSED as to asylum; DENIED as to CAT; GRANTED as to withholding and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The mixed motive analysis employed in Gaf-oor has been superseded by statute. See Parussimova v. Mukasey, 555 F.3d 734, 740-41 (9th Cir.2009). Nevertheless, this case was filed prior to the REAL ID Act, and thus the prior case law applies.