**Bir SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73268.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 24, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan K. Houser, Esquire, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard E. Oriakhi, Esquire, Roman & Singh, LLP, Fremont, CA, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Bir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We

** This disposition is not appropriate for publication and is not precedent except as provid-

have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir. 2006), we grant the petition for review.

■ The IJ's adverse credibility finding is not supported by substantial evidence. *Id.* First, the IJ failed to identify any inconsistency in Singh's statements regarding his knowledge of Sikh militants who visited his temple. *See Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000).

Second, inconsistent statements that Singh made as to the number of times the police contacted him prior to his first arrest are minor. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir. 2003).

Third, Singh reasonably explained that his declaration does not state that he was in the hospital for one month but rather that he was "under treatment" for his injuries for one month, thus, Singh's testimony and declaration are not inconsistent as to the length of his hospital stay. *See Bandari,* 227 F.3d at 1167; *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (substantial evidence lacking where applicant provided an explanation, but neither the BIA nor IJ addressed it). Any remaining discrepancies about the duration of his hospital stay are minor. *See Mendoza Manimbao,* 329 F.3d at 660.

Finally, the mere omission from Singh's hospital record that he had been admitted while unconscious, does not indicate a discrepancy about his injuries. *See Singh v. Ashcroft,* 301 F.3d 1109, 1112 (9th Cir. 2002). Accordingly, we reject the IJ's denial of asylum, withholding of removal, and CAT relief on the basis of adverse credibility.

ed by 9th Cir. R. 36–3.

Substantial evidence also does not support the IJ's alternative finding that, taking Singh's testimony as true, he failed to establish he was targeted on account of a protected ground. *See Singh v. Ilchert,* 63 F.3d 1501, 1508 (9th Cir.1995) (superceded by statute on other grounds). The record compels the conclusion that the police beat Singh, at least in part, on account of his imputed political opinion. *See id.* at 1509. We therefore reject the IJ's denial of asylum and withholding of removal on nexus grounds.

The IJ did not go on to consider whether the harm Singh described rose to the level of persecution. We grant the petition and remand for further proceedings to determine whether, taking Singh's testimony as true, he is eligible for asylum, withholding of removal, or CAT relief. *See Soto–Olarte v. Holder,* 555 F.3d 1089, 1095–96 (9th Cir.2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**