**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIN LAN CHEN,<br><br>              Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 08-74521<br><br>Agency No. A089-269-818<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 11, 2010
San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.

Jin Lan Chen, a native and citizen of China, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") affirming an immigration

judge's ("IJ") denial of her applications for asylum, withholding of removal, and

protection under the Convention Against Torture. Chen asserted past persecution

and a fear of future persecution on account of her violation of China's family

planning policies. The BIA affirmed the IJ's denial of relief on adverse credibility

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by 9th Cir. R. 36-3.

grounds. The sole issue before us is whether the BIA and IJ erred in finding that Chen was not credible.

The BIA found that Chen's testimony was not credible for two principal reasons. The first reason was that during an interview with a border patrol officer, who questioned Chen to determine whether she might testify as a material witness against the smuggler who attempted to bring her into the United States, Chen stated that she had entered "to visit family and get to know the United States." In later interviews with asylum officials, Chen stated that she had fled China, because Chinese officials "forced [her] to have an abortion." The border patrol officer questioned Chen purely for the purpose of determining whether she would serve as a material witness for the government against the smuggler, and her answer to the officer's single, isolated question was, under the circumstances, of no significance, and is not substantial evidence supporting an adverse credibility finding. *See Yan Xia Zhu v. Mukasey*, 537 F.3d 1034, 1041 (9th Cir. 2008).

The second reason given by the BIA for finding Chen not credible was that her testimony concerning her persecution by the Chinese authorities was more expansive during her "credible fear" interview and immigration court hearing than it had been during her initial, shorter interview with an asylum officer. During the first asylum interview, which was quite abbreviated, Chen described how the authorities had forced her to have an abortion when she was six months pregnant, and stated that she was afraid to return to China because she feared being

2

imprisoned and fined by the authorities. During her "credible fear" interview and her immigration court testimony, both of which were far longer and were subject to fuller examination, Chen described the forced abortion in similar terms, but expanded on her fear of future punishment by stating that she feared that she would be forcibly sterilized. The failure to mention the fear of forcible sterilization in the brief initial asylum interview, while doing so during the later and more detailed "credible fear" interview and the subsequent formal immigration proceeding, is insufficient reason to find that Chen lacks credibility.[1] *Cf. Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir. 2002).

We hold that the reasons provided by the BIA do not singly or collectively justify finding Chen's testimony not credible. Any reasonable adjudicator considering the clear evidence in the record in light of the totality of the circumstances would be compelled to conclude that Chen's testimony was

---

[1] The BIA also mentions three minor reasons for finding Chen's testimony not credible, none of which undermines the credibility of her testimony, namely: (1) details provided in Chen's expanded testimony regarding her fear of forced sterilization–these details do not warrant an adverse credibility determination for the same reason that her fear of forced sterilization itself does not; (2) the suggestion in a footnote that Chen's explanation in her "credible fear" interview regarding an IUD that the authorities forced her to insert was inconsistent with her explanation of that incident in her initial asylum interview–an examination of the record shows that her statements were, in fact, consistent; (3) the suggestion in a footnote that the address given on Chen's household registration card showed that she had made her residence in Changle City known to the authorities, when she claimed to be in hiding in that city–an examination of the card actually shows that it lists her address in her hometown, Dahe Village (a village near Hunan Town, a town near Changle City), not an address in Changle City itself, thus providing support for her claim, rather than undermining it.

3

credible.  *See Wang v. Ashcroft*, 341 F.3d 1015, 1021 (9th Cir. 2003); 8 U.S.C. §

1252(b)(4)(B); 8 U.S.C. § 1158(b)(3).  Accordingly, we remand for further

proceedings consistent with our holding.

**GRANTED and REMANDED.**