**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANYANDI CHEN, | No. 11-70411 |
| Petitioner, | Agency No. A098-453-324 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2014[**]
Honolulu, Hawaii

Before: W. FLETCHER, IKUTA, and HURWITZ, Circuit Judges.

Yanyandi Chen petitions for review of a decision of the Board of Immigration

Appeals (BIA) denying his applications for asylum and withholding of removal. We

have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** The BIA affirmed an adverse credibility determination by the immigration judge (IJ) because Chen's account at the hearing of the persecution he allegedly suffered in China differed materially from his written asylum application. Chen did not mention in his asylum application that he was part of a group that assaulted Chinese security officers as they sought to arrest the preacher of the underground church he attended; that he was home when security officers subsequently came to arrest him but escaped by jumping out of a window; or that his father was arrested and detained for two months. Although those events allegedly took place only four months before Chen submitted his asylum application, he did not disclose them until four years later near the end of his hearing before the IJ. When asked to explain the omission of his father's detention, Chen claimed that he "forgot to write it." A letter submitted by Chen from his wife also contained no reference to an altercation with Chinese officials at the underground church or to his father's detention.

"To support an adverse credibility determination, the BIA must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir. 2002) (internal quotation marks omitted). Inconsistent testimony and contradictions between an applicant's testimony and other evidence may support an

2

adverse credibility determination. *See, e.g.*, *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004). Because Chen filed his asylum application before the effective date of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, inconsistencies in testimony used to support an adverse credibility determination must go to the heart of his claims. *Desta*, 365 F.3d at 745.

The inconsistencies in Chen's statements and his failure to submit corroborative evidence that would explain them went to the heart of his claim of persecution, because they concerned "dramatic, pivotal event[s]" that "precipitated his flight" from China and formed the basis of his claim of persecution. *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003). These inconsistencies provide substantial evidence to support the IJ's adverse credibility finding.

**2.** Even assuming the credibility of Chen's testimony, the BIA concluded that Chen did not establish past persecution or a well-founded fear of future persecution on account of a protected ground. Persecution requires the infliction of severe physical or mental suffering on account of race, religion, nationality, membership in a particular social group, or political opinion. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *Fisher v. INS*, 79 F.3d 955, 960–62 (9th Cir. 1996) (en banc). Chen did not claim that Chinese officials harmed, arrested, or threatened him at the time of the incident. Rather, he testified that he was part of a

3

group that shoved two unarmed Chinese security officers to the floor during an argument as they sought to arrest a preacher.

Although Chen testified that the authorities thereafter went to his home looking for him and detained his father for two months, the BIA concluded that he had not demonstrated these actions were motivated by his religious beliefs. *See Chanco v. INS*, 82 F.3d 298, 301 (9th Cir. 1996) ("Persons avoiding lawful prosecution for common crimes are not ordinarily deemed refugees."). That conclusion was supported by substantial evidence in the record. Chen's family, which is similarly situated to him, continues to practice Christianity and to attend the same underground church without government interference, as it did for years before he was involved in the assault of the security officers. *See Zhao v. Mukasey*, 540 F.3d 1027, 1031 (9th Cir. 2008) (noting that the well-being of similarly-situated persons who remain behind is relevant to whether an alien credibly fears persecution on account of a protected ground). Moreover, Chen testified that the last time the authorities inquired about him was in 2004.

**3.** Because Chen failed to meet the standard for asylum, he necessarily cannot satisfy the more stringent clear probability of persecution standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**4.** The use of a Mandarin interpreter did not violate Chen's due process rights. Chen—who was represented by counsel—did not object to the use of a Mandarin interpreter, swore in his asylum application that Mandarin was his best language, and affirmed his understanding of Mandarin at the hearing. When Chen stated during the hearing that he could only answer the IJ's question in the Foo Ching dialect, the IJ rephrased the question and Chen answered. Neither the IJ nor the BIA relied upon Chen's response to that question in finding that Chen was not credible or that he had not suffered persecution on account of a protected ground. *See Perez-Lastor v. INS*, 208 F.3d 773, 780 (9th Cir. 2000) (holding that a petitioner's due process rights are violated only if the mistaken translation affected the outcome of the proceedings).

**PETITION FOR REVIEW DENIED.**